## [No. 1177.]
## R. C. LANGWORTHY, Respondent, *v.* JAMES COLE-MAN, Appellant.

Objections—Grounds of Must be Stated.—An objection to the ruling of the court will not be reviewed unless the ground of objection is stated in the district court.

Implied Findings—Presumptions.—In the absence of an express finding it is the duty of appellate courts to presume the findings of the lower courts to have been such as were necessary to support the judgment.

Objections—Should be Made in the Court Below.—An objection that a deed is inadmissible because it does not convey the premises in dispute should be made in the court below.

Deed—Description in—Intention of Grantor to Convey Land—Presumptions.—The deed conveyed "all that certain lot, piece, or parcel of land situated * * * and particularly described as follows, to wit,: one stockade cabin and adobe front. Said cabin is known as the Egan cabin." Then follows the usual *habendum* clause: *Held*, that the intention of the grantor was to convey, not only the cabin and adobe front, but the land on which they stood, and it being admitted that these buildings were on the lot and block in dispute, this court, in the absence of any testimony, will not presume that they did not cover the entire lot.

Existence of Deed—Evidence of.—A deed is the best evidence of a conveyance of property ; but if an agent of the party claiming title to the property is permitted to testify as to the existence of such deed, without objection, showing that claimant held a deed for the same, it cannot be said that there is no evidence of a conveyance of the title to the grantee by the grantor.

CONFLICT OF EVIDENCE.—The decision of the lower court, upon the determination of a fact, will not be disturbed if there is a substantial conflict of evidence.

FINDINGS—CONCLUSIONS OF LAW.—If the findings of the court are objectionable as only stating conclusions of law the party dissatisfied with them must ask to have them corrected. If he fails to do so he is not in a position to complain on appeal.

APPEAL from the District Court of the Fifth Judicial District, Nye County.

The facts appear in the opinion.

*D. S. Truman,* for Appellant :

I. The deed from Belyea was incompetent and wholly inadmissible to show a conveyance of the premises sued for. It is only a quit claim deed, and simply conveyed such title as the grantor had at the date of conveyance. (*Harden* v. *Cullins,* 8 Nev. 55; *San Francisco* v. *Lawton,* 18 Cal. 465; *Graff* v. *Middleton,* 43 Cal. 341.) It mentions no land in the premises or granting clause. As there is no ambiguity nor uncertainty in the instrument, no claim that anything more was conveyed than purported to be conveyed by the instrument, this court will not extend the operation of the instrument and hold that it conveys any specific or certain lot or parcel of land. (*Fogus* v. *Ward,* 10 Nev. 275; *McCurdy* v. *Alta G. & S. M. Co.,* 3 Id. 27; *Weil* v. *Lucerne M. Co.,* 11 Id. 211; *Robinson* v. *Imperial S. M. Co.,* 5 Id. 70; *Hart* v. *Hawkins,* 6 Am. Dec. 672; *Pitts* v. *Brown,* 49 Vt. 86; *Niagara M. Co.* v. *Bunker Hill M. Co.,* 59 Cal. 613; *Borel* v. *Donahoe,* 64 Cal. 447.) This instrument cannot be considered as a deed, as no attempt is made to convey the title to any parcel of land. It was not shown that the house had become a portion of the freehold nor its nature. (*Mesick* v. *Sunderland,* 6 Cal. 312, and authorities there cited; *Brown* v. *Lillie,* 6 Nev. 244.) The inevitable conclusion is that if no land is described none passes. (*Grogan* v. *Vache,* 45 Cal. 610.)

II. The evidence shows that Parker Belyea never had authority from Mrs. Belyea to convey this property to

Langworthy. The property was the separate property of the wife. (1 Comp. Laws, secs. 151, 159, 169; *Snyder* v. *Webb*, 3 Cal. 84; *Bessie* v. *Earle*, 4 Id. 200; *McKesson* v. *Stanton*, 50 Wis. 297; *Swain* v. *Duane*, 48 Cal. 358.)

III. The husband only had the absolute power of management and disposal of the community property, for the purpose of facilitating transfers thereof without any claim of the wife. (*Smith* v. *Smith*, 12 Cal. 216.)

IV. The right, interest or estate of the wife having once vested in the real estate, will under our law be divested by the voluntary act of the wife only. (*White* v. *White*, 1 Harrison (N. J.), 202; 4 Kent Com. 65; *Simar* v. *Canaday*, 13 Am. Rep. 523; Burk's Appeal, 15 Am. Rep. 587.)

V. The court erred in admitting the deed from Belyea to Langworthy in evidence, as the same is insufficient to convey the community property, as the signature of the wife must be had to make a perfect conveyance. (1 Comp. Laws, 182, 184.)

VI. The court erred in admitting the oral testimony of Langworthy and Orr, to whom Egan made the deed. ·When they testified that *the deed* they had, *was the deed* made by Egan to Belyea, instead of to Hattie Bennetts, they were either mistaken or have wilfully sworn false for the purpose of defrauding the defendant. (*Judson* v. *Eslava*, 12 Am. Dec. 82; *Marks* v. *Winter*, 19 La. An. 445; *King* v. *Randalett*, 33 Cal. 320; *Patterson* v. *Keystone M. Co.*, 30 Cal. 365; *Folsom's Ex's.* v. *Scott*, 6 Cal. 460; *McCann* v. *Beach*, 2 Cal. 31; *Jackson* v. *Root*, 18 Johns. 60; *Canfield* v. *Sanders*, 17 Cal. 569; *Poorman* v. *Miller*, 44 Cal. 275; *Taylor* v. *Clark*, 49 Cal. 671.)

No appearance for Respondent.

By the Court, LEONARD J.:

This is an action to recover possession of a town lot and buildings thereon, with damages. Plaintiff alleges ownership in himself, and ouster by defendant. Plaintiff recovered judgment for the possession of the premises described in

his complaint, together with one hundred and eight dollars damages, the value of the rents. Defendant appeals from the judgment, and an order denying his motion for a new trial. Plaintiff claims title through one Parker Belyea, by quit claim deed, dated May 14, 1881. Defendant asserts that the title is in his wife, by deed from Mrs. Hattie Belyea, wife of Parker Belyea, dated November 9, 1882. Mrs. Belyea testified that prior to her marriage, she paid one John Egan one hundred and fifty dollars for the property, and received a deed therefor in her name; that the money paid was her own, and that the property was purchased for herself alone; that the deed was put in a trunk and never recorded; that she had made diligent search for the same, but could not find it; that Parker Belyea, her husband, had no authority or power to make the deed to plaintiff. On the contrary, plaintiff testified that the deed from Egan was to Belyea, and not to his wife. It was not claimed that Egan made two deeds, and the principal question of fact in the case was, whether his conveyance was to Parker Belyea or to his wife.

The transcript shows that the defendant objected to the oral testimony of plaintiff upon the point in question; that his objection was overruled and that he excepted. But it is not shown that any ground of objection or exception was stated. We cannot review the ruling under such circumstances. (*Sharon* v. *Minnock*, 6 Nev. 382; *Lightle* v. *Berning*, 15 Nev. 389.) The record shows, also, that in view of the fact that plaintiff had testified that he had Egan's deed in his possession, the court reserved its decision in the case until plaintiff had time, after the trial, to return home and return the deed for inspection; that after going home, plaintiff sent to the judge a deed from Belyea to Franklin, but said in his letter that he did not find any other, though he was confident he had in his possession the deed from Belyea to him. Without recognizing the propriety of such practice, it is enough to say that the contents of plaintiff's letter cannot be considered as evidence in the case, and the result of the whole matter is this: Oral testimony was admitted on

behalf of defendant, without objection, that the deed in question was from Egan to Mrs. Belyea; and equally positive testimony was admitted on behalf of plaintiff, no grounds of objection or exception having been stated, to the effect that the deed was to Mr. Belyea. The court evidently gave credit to plaintiff's statement, and found accordingly, although that fact does not appear to have been found in terms. It is our duty, however, to presume it, since there is no finding opposed to it, and such finding is necessary to support the judgment. (*More* v. *Lott,* 13 Nev. 380; *Sadler* v. *Immel,* 15 Nev. 270.)

Counsel for appellant contends that the deed from Belyea to plaintiff was inadmissible, because it did not show a conveyance of the premises sued for; that it conveyed no title to lot eighteen, described in the complaint; that by it, Belyea did not attempt to convey more than a stockade cabin and adobe front; that no land was conveyed, or, at most, only so much as was actually occupied by the buildings described. The language of the deed referred to is as follows: " * * * That said party of the first part, for and in consideration of * * * does, by these presents, * * * forever quitclaim unto the said party of the second part, * * * all that certain lot, piece, or parcel of land situated * * * and particularly described as follows, to-wit: One stockade cabin and adobe front; said cabin is known as the ' Egan cabin,' and situated * * *. Together with all and singular the tenements * * *."

Then follows the *habendum* clause usually contained in conveyances of real estate. The objection now made was not made in the trial court. It cannot be presented and considered here for the first time. So far as the record shows, the deed was admissible to show title in plaintiff to the property described therein, whatever it was, and no more. We are not required to go further than to hold that the grantor intended to convey the land on which the buildings described stood, in order to uphold the judgment. Construing the deed most favorable to the grantee, and considering the character of the property, and all the circumstances sur-

rounding the parties, we have no doubt that the intention of Belyea was to convey, not only the stockade cabin and adobe front, but at least the land on which they stood, as well. It was conceded. at the trial, and admitted in the pleadings, that the buildings occupied lot eighteen, in block twenty-nine; and, for aught that appears in the record to the contrary, the buildings may cover the entire lot. We certainly cannot presume that they do not.

It is said that the written portion of the deed must control the printed. But there is no evidence before us showing what part is written and what printed. The entire instrument may be in writing. It is said, also, that the plaintiff ought not to recover because he showed two valid outstanding titles, so far as he is concerned, either of which defeats him, as they are both superior to his from Belyea, and that he failed to connect himself with either. It is said first, that he showed title in the Alexander Company, dating from a survey made by one Lefler, December 31, 1877, and deed from Lefler to the company, dated March 22, 1878. For some reason not revealed, plaintiff was not allowed to introduce a deed of this property from the Alexander Company; but without objection, his agent, Mr. Stocker, gave the following testimony: "I was acting as Mr. Langworthy's agent in this matter. I went to the Alexander Company to get a deed from them to these premises for Mr. Langworthy, and got it." The deed was undoubtedly the best evidence of a conveyance of the property, but Stocker's testimony having been admitted without objection, it cannot be said there was no evidence of a conveyance of the title to plaintiff by the Alexander Company. (*Sherwood* v. *Sissa*, 5 Nev. 349; *Dalton* v. *Dalton*, 14 Nev. 426.) Besides, in his answer, and by the testimony of his witnesses, defendant alleged and asserted that Egan went onto lot eighteen and erected the cabin under a contract with the Alexander Company, and had power to convey the property to Mrs. Belyea. In fact, defendant did not claim any title superior to Egan's. If Mrs. Belyea got a valid title as against plaintiff, by acquiring Egan's interest,

it is difficult to see why plaintiff did not get the same, as against her and her grantee, if he received a valid deed from Belyea of Egan's interest.

It is said, also, that the deed sent by plaintiff to the judge, after the trial ended, shows that the title was conveyed by Belyea to Franklin long prior to the date of the deed from Belyea to plaintiff. If plaintiff sent such a deed it was not put in evidence, and the court had no right to consider it in deciding the case. But the record does not show that this deed purported to convey the property in question. This language is in the transcript: "The court said: Mr. Langworthy has sent me a deed made by Mr. Belyea to Mr. Franklin, but says in his letter that he does not find any other, but is confident that he has it in his possession."

If the deed referred to by the court should be considered in evidence, still the record would not show a prior conveyance of the property in controversy. But there is no legal evidence of a conveyance antecedent to the one from Belyea to plaintiff. We cannot say the court erred in refusing to find that Mrs. Belyea purchased the property of John Egan, and that she did not authorize her husband, Parker Belyea, to convey the same to plaintiff. The evidence was conflicting, as before stated, and we cannot disturb the court's conclusions. It is said the court's so-called findings of fact are merely conclusions of law; and so they are. But if appellant was dissatisfied with them he ought to have asked for others. Failing to do so, he cannot now complain.

Judgment and order appealed from affirmed.