[No. 14018.  Department Two. — December 13, 1890.]

# H. WIDMER, Respondent, v. J. M. MARTIN, Appellant.

Judgment on Pleadings — Material Issue. — A judgment on the pleadings cannot be taken where a single material issue is presented by the answer.

Id. — Action to Recover Deposit — Vendor and Purchaser — Defective Title. — In an action by the vendee to recover back a deposit made under a contract for the purchase and sale of land, by the terms of which the vendor was to convey the land as soon as he received a deed, and in case of a defective title, to return the deposit made, where the complaint alleged a demand by the plaintiff for a conveyance, and a refusal by the defendant to convey, on the ground of an alleged defective title, an answer denying such allegations, and alleging that the defendant expects to be and will be able soon to obtain the legal title, raises material issues, which the defendant is entitled to have tried, and a judgment on the pleadings in favor of the plaintiff is erroneous.

Appeal from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Church & Cory*, for Appellant.

*Firman Church*, for Respondent.

McFARLAND, J. — Defendant demurred to the complaint, and his demurrer was overruled. He then duly served and filed a verified answer, whereupon plaintiff moved for judgment upon the pleadings, and judgment was accordingly given for plaintiff upon the pleadings alone. From this judgment defendant appeals.

The practice of moving for judgment upon the pleadings in proper cases has been sanctioned by this court; but we think that in the case at bar the answer contained denials of material averments of the complaint, waiving the question of the sufficiency of the complaint itself.

The action is to compel defendant to return to plaintiff the $484, which constituted the first payment made by plaintiff to defendant on the following contract:—

"FRESNO, January 19, 1888.

"Received of H. Widmer the sum of $484 as a deposit on lots 1, 2, 3, 4, 5, 6, 7, and 8, in block 3 of the Donahou Addition to the town of Fresno; the purchase price of said lots to be $1,450, payable as follows: $484 cash, $483 six months from date; and $483 twelve months from date; deferred payments to bear interest at the rate of ten per cent per annum from date until paid. This receipt is to be taken up and deed given and mortgage and notes received as soon as the undersigned shall receive deed to said addition. In case of defective title from any cause, I agree to return said deposit.

[Signed]                          "J. M. MARTIN."

The complaint contains a number of averments about what plaintiff did in performing his part of said contract, which are denied in the answer, and which are now claimed by plaintiff to have been immaterial; but

waiving the questions thus presented, it is clear that there is a denial of matter in the complaint that is material. It is apparent that the "defective title" mentioned in the contract did not refer to any title which defendant had, or professed to have, at the time the contract was made. The contract is based upon the mutual understanding that defendant then had no title, but was to get one through a certain deed which he was to receive in the future, and that he was to convey the property to plaintiff, and the latter was to give notes and a mortgage, "as soon as the undersigned shall receive deed to said Addition." No one would seriously contend that plaintiff could have maintained an action for the return of the first payment on the very next day after the date of the contract, on the ground that defendant's title was defective. Now, the complaint nowhere avers that the title which would come through said deed is defective; or that defendant cannot, or does not intend to, procure said deed, or had not exercised due diligence in trying to procure it; or that defendant had been guilty of unreasonable delay or neglect in the premises. The only averment in the complaint upon the subject is, that on a certain day plaintiff demanded of defendant a deed to said lots, and that defendant "then and there failed and refused to make and deliver said deed to said lots of land, alleging that the title to said land was in dispute and defective; and the plaintiff says the title *was and is* defective." But these averments are specifically denied. The defendant, in his answer, "denies that plaintiff demanded of said defendant a deed to the lots of land in said receipt described, at said time, or at any time; denies that he, defendant, said at that time, or at any time, that the title to said land was defective; denies that the title to said land is defective." The answer, in addition, states how defendant expects and will be able soon to obtain the legal title: The parts of the pleadings above referred to — waiving the other points made by

appellant — clearly raise material issues, which defendant is entitled to have tried. A single material issue precludes a judgment on the pleadings.

The judgment is reversed.

Sharpstein, J., and Thornton, J., concurred.