## EDWARDS v. JONES

### No. 2716

June 5, 1926.                                         246 P. 688.

1. PLEADING — MOTION FOR JUDGMENT ON PLEADING SHOULD BE SUSTAINED WHEN, UNDER ADMITTED FACTS OF PLEADING, MOVING PARTY WOULD BE ENTITLED TO JUDGMENT ON MERITS.

Motion for judgment on pleadings raises question of law only, and should be sustained when, under admitted facts of pleading, moving party would be entitled to judgment on merits.

2. JUDGMENT—JUDGMENT IN FORMER ACTION AGAINST HUSBAND ON NOTE, IN WHICH WIFE TESTIFIED AS A WITNESS IN HIS BEHALF, DETERMINING THAT COMPENSATION FOR WIFE'S SERVICES TO PLAINTIFF WAS COMMUNITY PROPERTY OF PLAINTIFF AND HUSBAND, HELD RES ADJUDICATA OF HER SUBSEQUENT ACTION TO RECOVER FOR SUCH SERVICES.

Judgment in former action on promissory note against husband, in which wife testified in his behalf, determining that compensation for services rendered by wife to plaintiff was not her separate property, but community property, held res adjudicata of her subsequent action against such plaintiff to recover for such services.

3. APPEAL AND ERROR—FINDING THAT COMPENSATION SOUGHT TO BE RECOVERED WAS COMMUNITY PROPERTY WILL BE IMPLIED, WHERE DIRECTLY TENDERED IN FORMER ACTION AND NECESSARY FOR RENDERING JUDGMENT THEREIN.

Where issue whether compensation due from defendant to

plaintiff for services rendered was separate property of plaintiff was directly tendered in former action on note by defendant against plaintiff's husband, and judgment therein required determination that it was community property, a finding to that effect will be implied.

4. APPEAL AND ERROR—APPELLATE COURT WILL PRESUME FINDINGS OF LOWER COURT TO HAVE BEEN SUCH AS WERE NECESSARY TO SUPPORT JUDGMENT.

Without express finding, it is duty of appellate court to presume findings of lower court to have been such as were necessary to support judgment.

5. APPEAL AND ERROR—WITHOUT REQUEST FOR MODIFICATION OR ADDITION TO FINDINGS, THEY ARE PRESUMED SUFFICIENT TO SUPPORT JUDGMENT, AND ERROR IN MAKING FINDINGS OUTSIDE ISSUES IS HARMLESS.

Where appellant fails to move for addition or modification to findings as provided by civil practice act, sec. 403, as amended by Stats. 1919, p. 319, findings are presumed to be sufficient to support judgment, and error in making findings outside issues is harmless.

6. COURTS — REHEARING AND DETERMINATION OF DEMURRER TO AFFIRMATIVE DEFENSE TO AMENDED ANSWER, CONTAINING SUBSTANTIAL MATTER NOT EMBRACED IN ORIGINAL ANSWER TO WHICH DEMURRER HAD BEEN SUSTAINED, HELD NOT REHEARING IN VIOLATION OF RULE.

Where affirmative defense in amended answer contains substantial matter not embraced in affirmative defense to original answer, which was stricken, hearing on demurrer to amended answer and overruling of motion to strike affirmative defense *held* not a rehearing in violation of district court rule 11, subd. 4.

See (1) 31 Cyc. p. 606, n. 30 (new) ; (2) 34 C. J. sec. 1325, p. 915, n. 55 ; (3) 31 C. J. sec. 1270, p. 160, n. 23 ; (4, 5) 4 C. J. sec. 2722, p. 775, n. 29 ; sec. 2728, p. 778, n. 75 ; sec. 3041, p. 1057, n. 85 ; (6) 15 C. J. sec. 359, p. 963, n. 47 (new).

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Action by Emily Gladys Edwards against Robert Jones. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. **Affirmed.**

*Mack & Green* and *A. F. Lasher,* for Appellant:

Respondent quotes from 31 C. J. 160 to effect that judgment in favor of or against husband in action involving debt due community binds wife regardless of

her nonjoinder, and inserted stars to show omission of part of text which states that some courts hold where wife was not party defendant in action wherein judgment was rendered against husband, she is entitled to determination in proper proceeding of question whether judgment was based on community liability. Such determination as to community is res adjudicata where it is fairly in issue and both husband and wife are parties.

Whether claim is community debt or not may be determined in original action by making wife defendant with husband, or wife may have determination by intervening, but if wife is not party, she is not concluded, as to community character of debt by original judgment. Woste v. Rugge, 122 P. 988.

To render matter res adjudicata there must be: Identity of thing sued for, of cause of action, of persons and parties to action, and of quality in persons for or against whom claim is made. Lyon v. Perin etc. Co., 31 L. Ed. 839.

One cannot be concluded by judgment in action unless he was formally party or privy, had right to make defense, examine witnesses, control proceedings, and appeal. Litchfield v. Crane, 31 L. Ed. 199.

Due process requires rights of person may not be adjudicated in action to which he is not party. 12 C. J. 1227.

Court erred in making findings concerning matters not pleaded. Perkins v. Sierra etc. Co. 10 Nev. 405.

*Huskey & Souter*, for Respondent:

Judgment in favor of or against husband in action involving debt due community will bind wife regardless of her nonjoinder. Where wife is not necessary party in actions against husband affecting community real property, judgment against husband is binding on him, wife, and community estate. 31 C. J. 160; Jordan v. Moore, 65 Tex. 366; Crow v. Van Sickle, 6 Nev. 146.

Judgment in former case is binding on wife here because court found board and lodging were furnished on behalf of community. Person may be bound though not technically a party. American Bonding Co. v. Loew, 92 P. 283, citing Shoemaker v. Finlayson, 60 P. 50, wherein same court held person who was witness, fully acquainted with character and object of action and interested in result, was estopped by judgment as fully as if he had been nominal party. 34 C. J. 992, 1009; Snavely v. Berman, 121 Atl. 843; Curtis Studio v. Lennes, 208 P. 81; Wise v. Reed, 139 P. 753.

## OPINION

By the Court, DUCKER, J.:

Except where mentioned by their proper names, the parties will be referred to as plaintiff and defendant.

Plaintiff brought this action in the lower court to recover from defendant the sum of $1,550 alleged to be owing from him to her on account of board and lodging furnished him by her at her home in Reno, Nevada, for a period of 31 weeks from November 1, 1920, to June 5, 1921, and also for nursing, care, washing, and sewing done by plaintiff for defendant during said period, all of which services are alleged to be reasonably worth the sum of $50 per week. It is also alleged in the amended complaint that plaintiff is the wife of Albert W. Edwards. It is further alleged that during the whole of their married life plaintiff has been and now is engaged in various ways of earning money and in accumulating property by the sale of her own labor and services, and has frequently during their married life earned money by supplying board and lodging to persons for a price in money; that during the whole of their married life her husband has, and now does, let her appropriate all of said earnings to her own use; that she has at all times and does now use all of said earnings and accumulations for the care and maintenance of her family; that said family consists of her husband and their four children; that

it was at all times understood and agreed between said husband and wife that any and all moneys due or to become due by reason of the services rendered defendant belonged to plaintiff and should be collected and appropriated to her own use and behoof; that by reason thereof her husband has no interest or right in the cause of action set forth.

The husband was originally a party plaintiff in the action, but was subsequently, on motion of the plaintiff, Emily Gladys Edwards, dismissed from the action by order of the court.

Defendant in his amended answer admits that Albert W. Edwards and Emily Gladys Edwards are husband and wife, and denies all other allegations.

For a further and affirmative defense defendant in substance alleges: That from on or about November 1, 1920, up to and including the 1st of June, 1921, defendant resided at the home of Albert W. Edwards, husband of the plaintiff, where he, Edwards, maintained his family, had his residence and abode, and conducted his household, and paid him the sum of $10 per week for each and every week that defendant remained at said home; that defendant did not request plaintiff to nurse him or care for him or provide him with room and board or to perform all his needful sewing, nor did he in any way or manner whatsoever accept said services from her, but, on the contrary, all of the services of any kind and description whatsoever rendered to him while he was at said home during the period stated were furnished him by her husband under an agreement whereby the defendant was to pay and did pay the sum of $10 per week—with all of which Edwards was fully satisfied, contented, and paid.

For a further and second affirmative defense it is alleged in substance as follows: That defendant filed his complaint in the district court against said Albert W. Edwards on or about the 23d day of July, 1924, and in said complaint it is alleged that Edwards was indebted to Jones on a promissory note, payment on account of which was admitted to have been paid by Edwards of

the sum of $330 for a period of 33 weeks at $10 per week; that Edwards filed an answer in which he denies the payment; that a trial was had of said action, and it was testified to before the court by Jones that from on or about November 1, 1920, up to and including the 5th of June, 1921, he resided at the home of Edwards, where Edwards maintained his residence and abode and conducted his household, and that by an agreement between them it was provided that Jones should credit on account of said note the sum of $10 per week for every week that he remained at the home of Edwards; that Jones did credit the sum of $330 on account thereof; that said agreement provided also that for one week ending March 1, 1920, during which Jones resided at the home of Edwards a similar sum of $10 should be credited on said note, and was so credited.

It is also alleged in the second affirmative defense that at said trial Edwards testified that all services rendered to Jones for the times mentioned had been rendered by Mrs. Edwards, and that by an agreement between them she was entitled in her own right and as her separate estate, to any compensation for the board and lodging furnished Jones, and that no agreement had been made, as alleged by Jones, to credit said sum on account of the note, and that nothing had been paid on account of the note by reason of the rendering of said services to Jones. It is also alleged that at the trial of said action Mrs. Edwards appeared as a witness called by her husband, and as such witness was in court at the beginning of the trial and during all of the time that Jones was on the stand, and had full and complete knowledge of said action, the purpose for which it was brought, the claim made in said action by Jones as to the payment on account of said note, the denial on the part of her husband of said payment and the allegation by him that all services rendered to Jones had been rendered by her, and that any compensation for such services, board, and lodging belonged to her separate and distinct property and separate estate by an agreement made between the husband and wife; that with all of such knowledge of

the case and the issues involved, she understood that the determination of such issues must result in a determination judicially of a matter alleged to be her separate property and distinct estate; that she made no application to be admitted as a party defendant to said suit, nor did she take any other steps to be represented in said action except as a witness, and thereupon took the stand and under oath, by her testimony, submitted to the court her statement that she was entitled to any compensation for board and lodging furnished to Jones as her separate property and estate. It is further alleged that Edwards in said suit appeared by counsel; that said suit was duly brought on for trial and tried; that as a result of all such proceedings, pleadings, testimony, evidence, and trial, the issues were determined by this court in favor of Jones and against Edwards, and by such determination the court determined that it had been established as a fact that the agreement alleged to have been made by Jones and Edwards had been actually made; that Edwards was entitled to all compensation for board and lodging of Jones; and that said compensation was not the separate property and estate of Mrs. Edwards.

In this further and second affirmative defense the defendant refers to the proceedings in the former action, and to all pleadings, transcript of testimony, orders, findings, decision, and judgment therein, as if the same were set forth word for word.

It is further alleged that the last - mentioned suit involved all the issues involved in the present suit, involved as parties Jones and Edwards and the latter's wife, plaintiff in the present suit, in so far as it was a judicial determination of those rights which she sets up in the present suit, involved the same subject matter, resulted in a final judgment on such issues in favor of Jones, and was and is res adjudicata as to all matters and things and alleged causes of action set forth in the amended complaint in the present action.

In her reply, inter alia, it is denied that the former action involved plaintiff in any other manner than as a witness therein, and denied that it was res adjudicata

as to all or as to any of the matters and things and alleged causes of action set forth in the amended complaint in the present action. It is admitted that she took the stand at the trial of the former action, and under oath testified that she was entitled to the compensation for board and lodgings furnished to Jones at the times and in the second affirmative defense mentioned as her separate property, but denied that by her said testimony or in any manner at all submitted to the court for determination as against her in said former action any question concerning her title to the compensation for board and lodging furnished Jones, or any question as to the character of said claim for compensation as her separate property.

It is alleged that plaintiff was not a party to the former action; that she was not named as a party therein upon the record or upon any of the pleadings or documents filed therein; that she was never served with summons in said former action; that she never, either directly or indirectly, filed any demurrer, motion, petition, answer, stipulation, or other document or pleading therein; that she never employed or authorized any attorney or counsellor at law to appear for or represent her in said former action, and never in any manner conducted or took part in the conduct of said former action.

On motion of defendant for judgment on the pleadings, and after a hearing thereon, the court made findings of fact and conclusions of law, and rendered judgment in favor of the defendant, adjudging that the former suit was res adjudicata as to all matters and things and alleged causes of action set forth in the amended complaint of Emily Gladys Edwards, plaintiff in this action.

The facts found were substantially as alleged in the amended answer. From the judgment and order denying a motion for a new trial this appeal is taken.

1. After her motion for a new trial had been denied, plaintiff moved to strike all of the findings, which motion was denied by the court. The principal error assigned is that the court erred in holding that the plaintiff was concluded as to her present cause of action by

the record of the prior action of Jones v. Edwards. In this connection it is urged that the amended answer does not state sufficient facts undenied by the reply to entitle defendant to a judgment on the pleadings. A motion for judgment on the pleadings raises a question of law only, and should be sustained, when, under the admitted facts of a pleading, the moving party would be entitled to a judgment on the merits. 21 R. C. L. 594. In this case, however, in considering the error assigned, we are not confined to the pleadings. It is stipulated by counsel for the parties that the record on appeal in Jones v. Edwards may be considered and examined by the court upon its consideration of this case.

It appears that counsel for plaintiff stipulated in the lower court that in considering the motion for judgment the transcript of testimony in the case of Jones v. Edwards could be considered. It appears also that the lower court took judicial notice of the former case and considered the testimony given therein.

2. Plaintiff moved for a new trial, assigning as one of the grounds therefor insufficiency of the evidence to justify the decision of the court. To all intents and purposes, then, the hearing on motion for judgment on the pleadings devolved into a trial on the merits with the evidence taken on the former trial stipulated as the evidence to be considered by the lower court. This being the case, the question presented to us is not whether judgment was properly entered on the pleadings, but whether the judgment in the former case is in fact res adjudicata of the facts alleged in the amended complaint in this action. The question of fact presented by the amended complaint in this action was in issue and was determined by the final judgment in the former case, namely, that the compensation sought to be recovered for services rendered Jones was not the separate property of plaintiff, but the community property of herself and husband. The judgment in the former case has recently been affirmed by this court, and the evidence is summarized in the opinion. Jones v. Edwards, 49 Nev. 299. That judgment was an adjudication of the

character of the property sought to be recovered here. It was said by this court in Vickers v. Vickers, 45 Nev. 274, 199 P. 76, 202 P. 31:

"It matters not the character of the proceeding in which issues are adjudicated, but whether they have in fact been adjudicated between the same parties or their privies."

And in stating the principle to be applied this court in Vickers v. Vickers, supra, quotes approvingly from the opinion in State of Oklahoma v. State of Texas, 256 U. S. 70, 41 S. Ct. 420, 65 L. Ed. 831, as follows:

"The general principle, applied in numerous decisions of this court, and definitely accepted in Southern Pacific R. Co. v. United States, 168 U. S. 1, 48, 49, 18 S. Ct. 18, 42 L. Ed. 355, 376, 377, is, that a question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled, by the final judgment or decree therein, so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action."

3. It is contended that, as the court in the former case made no finding that the compensation due for the services rendered was community property, its character as such was not determined. It is true no specific finding was made to that effect, but the issue was directly tendered to the court by the testimony of the defendant and his wife, by which he sought to show that the compensation due from Jones was her separate property, and the court must necessarily have determined that it was community property to render judgment for Jones in that case. The evidence tended to show that it was community property, and unless the court found it to be such it was not subject to the husband's disposition as part payment on the note sued on, and, unless payment was made as alleged, the note was barred by the statute pleaded. Under this state of the case a finding that it was community property will be implied.

4. In the absence of an express finding it is the duty of the appellate court to presume the findings of the lower court to have been such as were necessary to support the judgment. Langworthy v. Coleman, 18 Nev. 440, 5 P. 65; Wilson v. Wilson, 23 Nev. 267, 45 P. 1009; Stats. 1919, p. 319.

It is insisted that plaintiff was not a party to the former action, and the judgment therein is not therefore conclusive against her, and many authorities are cited to the effect that only parties or their privies can be bound by a former judgment. We need not answer this contention further than to refer to our opinion in Jones v. Edwards, supra, wherein we held to the effect that, as the community interests of the husband and wife were involved, she was in legal effect a party to the action. There is no merit in the contention that the amended answer fails to state facts sufficient to constitute a defense to the cause of action set forth in the complaint.

5. Appellant insists that the court made findings outside of the issues in this case. He moved the lower court to strike all of the findings, but made no application to the court for additions to or modifications of the findings as provided by section 403 of the civil practice act. This section, as amended by Stats. 1919, p. 319, reads:

"In cases tried by the court, without a jury, no judgment shall be reversed for want of a finding, or for a defective finding of the facts, unless exceptions be made in the court below to the finding or to the want of a finding after application to the court for additions to or modification of the findings with notice given to the adverse party as prescribed in section 285 of this act. Upon failure of the court on such application to remedy the alleged error, the party moving shall be entitled to his exceptions."

By virtue of this statute, the appellant having failed to make application under it, we must assume that the findings are sufficient to support the judgment. Consequently, if findings were made outside the issues, the error would be harmless.

6. It is urged that the court erred in assuming to rehear and retry the same matter which had already been heard and decided by the same court by Judge L. O. Hawkins, to whom all matters before said court had been assigned. The following facts constitute the basis of this complaint: The district judge above mentioned heard the plaintiff's demurrer to the affirmative defenses in defendant's answer, made upon the ground that the same did not state sufficient facts to constitute defenses to her cause of action, and also her motion to strike the second affirmative defense. The demurrer to the second affirmative defense was sustained and the motion granted, and defendant given ten days to file an amended answer. Thereafter the amended answer was filed. Plaintiff demurred to the affirmative defenses contained therein on the same ground as before. She also moved to strike the second affirmative defense, stating, among the grounds therefor, that it was in all substantial respects identical with the second affirmative defense theretofore stricken from the original answer, and in contravention of subdivision 4 of rule 11 of the district court rules. The demurrer was overruled and the motion denied by the trial court, Judge Geo. A. Bartlett, presiding. The fourth subdivision of said rule reads as follows:

"No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matter therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to adverse parties."

A sufficient answer to this contention is that the second affirmative defense in the amended answer contains substantial matter not embraced in the former one, and the rehearing and determination of it by the trial court was therefore not in violation of the rule.

The judgment is affirmed.