[Civ. No. 5798. Second Appellate District, Division One.—March 30, 1928.]

MANCHESTER MONETA AVENUE STATE BANK (a Corporation) et al., Respondents, v. GLEN A. SMITH et al., Appellants.

H. L. Carnahan, J. M. Stevens and Wilbur C. Curtis for Appellants.

W. I. Gilbert for Respondents.

WOOD, J., *pro tem.*—On the day of the trial of this action before any evidence was offered defendants moved for a judgment on the pleadings. This motion was denied, whereupon plaintiffs presented a similar motion, which was granted, and this appeal is prosecuted from the judgment thereafter rendered. Criticism is directed to the complaint on the ground that the allegations are incomplete, uncertain and made up largely of conclusions. Such defects as appear in the complaint may be disregarded for the reason that the judgment must be reversed, even though every allegation criticised be considered as having been made in proper form. In the complaint it is set forth: That plaintiff bank "had advanced to C. S. Summar a sum in excess of $19,000, a portion of which is represented by certain promissory notes heretofore executed in favor of Manchester Moneta Avenue State Bank, and the remainder of which was advanced by J. C. Smith personally"; that "to better secure the payment of the debts heretofore mentioned," Summar procured the assignment of certain leases covering the land described in the complaint to be made to J. C. Smith to be by him held in trust for the use and benefit of the plaintiff bank; that said Smith entered into possession of the premises; that the leases so assigned provided that the lessees must perform certain drilling work for oil, and in case of their failure to do so the lessors could forfeit the leases upon notice of thirty days; that such notice had been given and thirty days were about to elapse; that a large amount of money had been spent by plaintiffs in the prosecution of drilling work, and valuable equipment had been placed on the land; that defendants, with intent to force plaintiffs to forfeit the leases, had obtained possession of the equipment and had refused to permit plaintiffs to enter upon the land; that no portion of the said indebtedness to plaintiffs had been paid; that "defendants are not financially able to be responsible for damages in the event said lands should be valuable for oil development"; that the equipment on the land had been

bought by plaintiff Smith and defendant Summar by a "purchase lease" under which title was reserved in the seller, and that this lease had been assigned to plaintiff Gonsalves; that plaintiff Smith "had leases similar in terms with the lease" covering the land in litigation, which leases would be "forfeited automatically with the forfeit of the lease described in the complaint" for the reason that the last mentioned lease was "what is commonly called a 'Key Lease' " upon which development should be made. On these allegations plaintiffs seek a permanent injunction restraining defendants from interfering with the possession of said land and equipment.

It does not appear from the record whether defendant Summar was served with process or whether the action was dismissed as to him. He made no appearance in the action. Defendants Cooper, Johnson, and Glen A. Smith filed an answer in which they specifically denied each and every one of the allegations above set forth except the allegation of the assignment of the leases to J. C. Smith, on which point they assert that the assignment was made for the use and benefit of a partnership consisting of J. C. Smith and C. S. Summar, and that this partnership, and not Smith, took possession of the property; and except the allegations concerning the provisions in the lease for a forfeiture upon thirty days' notice and the giving of such notice.

If material allegations are denied in the answer a motion for judgment on the pleadings should not be granted. "A single material issue precludes a judgment upon the pleadings." (*Widmer* v. *Martin*, 87 Cal. 88 [25 Pac. 264].) Here we have many material issues presented by the answer. The trial court, apparently, granted plaintiffs' motion on the theory that the answer, in its "separate and affirmative defense," set forth certain matter which, the court concluded, entitled plaintiffs to the judgment rendered. In this part of their answer the defendants allege: That "C. S. Summar, one of the defendants in this action, and J. C. Smith, one of the plaintiffs herein, entered into an agreement of copartnership; that as a part of said partnership agreement it was agreed between said J. C. Smith and said C. S. Summar that the name under which said partnership would do business should be 'Pioneer Develop-

ment Company,' and that the object and purpose of said partnership should be to continue the drilling of an oil well upon the premises described in plaintiffs' complaint and the division in equal shares of the profits to be made in such venture; that it was further agreed as a part of said partnership agreement that said C. S. Summar would cause the title to the oil lease mentioned in plaintiffs' complaint to be assigned to said partnership, and that said J. C. Smith would furnish to said partnership for use in said business to be conducted by it such sums of money as might be required for such purpose from time to time, but not exceeding in all the sum of thirty-five thousand and 00/100 dollars ($35,000.00). That thereafter and in accordance with the said partnership agreement, said oil lease was assigned by A. S. T. Johnson to said J. C. Smith for the use and benefit of said partnership, and said J. C. Smith, pursuant to said assignment, acquired and held the title to the same, as trustee and in trust and for the use and benefit of said partnership and for no other purpose''; that said partnership bought the equipment on the land by ''purchase lease'' for the ''use and benefit of said partnership''; that the purchase price had been paid in full and the equipment had become the property of the partnership; that the partnership had incurred debts in large sums; that J. C. Smith had ''repudiated and denied the existence of the said partnership'' and refused to pay any of its obligations; that thereafter C. S. Summar sold and assigned the said leases and equipment to defendants Cooper and Glen A. Smith, who bought without notice of the claims of plaintiffs; that Summar applied the proceeds of the sale to the payment of the debts of the partnership; that defendants Cooper and Glen A. Smith went into possession of the property described in the complaint pursuant to said sale and assignment from Summar.

For the purposes of this appeal it is not necessary to determine whether the ''separate and affirmative defense'' contains matter which, if found to be true, would defeat plaintiffs' action. If the matter therein set forth does not constitute a defense it can only be considered as surplusage. If it be so considered we have the situation remaining in which many material allegations of the plaintiffs are denied

by the defendants. There is a denial of the very debt to secure which, according to the complaint, the assignment was made to plaintiff Smith. It would be useless to again point out the numerous allegations which are denied. In view of these denials it cannot be said that the bare admission of possession of the property on the part of defendants Cooper and Glen A. Smith is sufficient to accord plaintiffs the right to a permanent injunction. Nor is it necessary to discuss the contentions made by defendants in which they argue that the allegations made by plaintiffs, even if true, did not entitle them to a permanent injunction. Suffice it to say that there are material issues of fact presented by the pleadings which made it erroneous to grant plaintiffs' motion for judgment thereon.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.