# LOVELOCK LANDS INCORPORATED *v.* LOVE-LOCK LAND & DEVELOPMENT CO.

No. 2941

August 1, 1931.

2 P. (2d) 126.

*Hawkins, Mayotte & Hawkins,* for Respondent:

*Cooke & Stoddard,* for Appellant:

## OPINION

By the Court, DUCKER, J.:

Motions to dismiss the appeal, to strike the transcript of the record on appeal, and to strike certain parts thereof, were filed by respondent. A counter motion was filed by appellant, and all were heard together. Our disposition of respondent's motions will necessarily dispose of the matter.

The case has been tried once before in the lower court, appealed to this court, and the judgment reversed. 52 Nev. 140, 283 P. 403.

Thereafter the trial court on December 18, 1930, rendered judgment on the pleadings, and at that time made an order that entry of the judgment be suspended for a period of ten days within which time appellant would be permitted to propose such amendments, or to apply to the court for such action as it might be advised. Written notice thereof was served on appellant on December 19, 1930. Respondent filed its cost bill on December 23, 1930. Notice of motion to strike the same was served on December 24, 1930, and filed two days later. On December 22, 1930, appellant filed a motion to vacate the judgment. On December 30, 1930, respondent filed a motion for entry of judgment on the pleadings. This motion and appellant's motion to strike cost bill and vacate judgment were all heard together by the court on the last-mentioned date. Appellant's motions were both denied on that date and judgment entered that the action be dismissed, and that the option agreement mentioned in the action be terminated. Upon application of the respondent, the foregoing judgment was entered nunc pro tunc, as of December 19, 1930. From this judgment appellant filed and served a notice

of appeal on January 30, 1931, and filed an undertaking on appeal and for stay of proceeding on the following day. Thereafter appellant filed and served a notice of dismissal of the appeal on February 5, 1931. Later, and on the same day, appellant filed another notice of appeal from said judgment and another undertaking on appeal and for stay of proceedings. The appeal was thus finally perfected on February 5, 1931. The transcript on appeal was filed in this court on April 22, 1931.

■ Respondent contends that the transcript on appeal was filed too late, and in support of his motion to dismiss invokes rules 2 and 3 of the supreme court rules. This ground for dismissal of the appeal was argued elaborately both in the written briefs and in the oral argument by counsel for respondent, but it is not stated specifically in the motion to dismiss. The reference to it in the motion is as follows: "That said 'Bill of Exceptions and record on appeal (Vol. 1)' was filed in the above entitled court without right or authority, and in violation of the statutes of Nevada in such cases made and provided, and in violation of the rules of the above entitled court." This statement is altogether too general to be taken as a ground of motion. See Peri v. Jeffers, 53 Nev. 49, 292 P. 1; Quinn v. Quinn, 53 Nev. 67–75, 292 P. 620; Gray et al. v. Coykendall, 53 Nev. 113, 293 P. 436, for rulings to that effect. In the cases cited we held such general statements fatally defective, and are of the opinion that the statement in the motion before us is so fatally defective. The courts of other states have taken the same view. Jackson v. Barrett, 12 Idaho, 465, 86 P. 270–272; Loucks v. Edmondson, 18 Cal. 203; Cupit v. Park City Bank, 11 Utah, 427, 40 P. 707. The motion to dismiss the appeal must be denied on this ground. Other grounds for dismissing the appeal are specified, but, as these are also stated as grounds of a motion to strike the bill of exceptions and record on appeal, they will be discussed in that connections.

■ In support of the motion to strike the bill of exceptions, counsel for respondent argued that the motion must be granted, because, as they contend, a bill of

exceptions was unnecessary on an appeal from a judgment. This ground was not stated in the motion to strike, and therefore the motion must be denied for the reasons heretofore given in denying the motion to dismiss the appeal.

■■ Respondent also moved to strike the bill of exceptions upon the ground that the trial court lost jurisdiction to settle the same because it was not settled within five days after respondent filed its objections thereto. It is contended that the trial court so lost the power to settle the bill by reason of section 3 of act of 1915 concerning bills of exceptions, which reads in part: "Such objection shall be heard and determined by the court within five (5) days thereafter, and upon such hearing the court shall designate in what respect said bill is incorrect or untrue, or fails or omits to state the true facts, and shall order and direct that such bill be corrected in accordance with said determination, and engrossed so as to contain the true facts as herein required, and when so engrossed said bill shall be allowed and settled as in this act provided, and when so settled shall become and be a part of the record of said action. If the objections of the adverse party are disallowed, then such bill as originally filed shall be immediately settled and allowed as by this act required." Section 9386, Nev. Comp. Laws.

Respondent points out that it filed and served its notice of objection to allowance and settlement of the bill of exceptions on February 6, 1931, and that no action whatever was taken and no time requested or granted for an extension of time within which said proposed bill of exceptions should be settled until March 14, 1931, at which time the respondent objected to the authority or jurisdiction of the district court to settle or allow the same; that further hearing of appellant's application for a settlement of bill of exceptions was continued to March 28, 1931, at which time, in open court, respondent again objected to the right or jurisdiction of said district court to settle any bill of exceptions in said action.

We think that the word "shall" in the statute was used by the legislature in both a directory and mandatory sense—directory as to the specific time designated, and mandatory as to the act required to be done.

In the case of State ex rel. Gray v. District Court, 51 Nev. 412, 278 P. 363, where the trial court refused to settle a bill of exceptions, mandamus was issued to compel such settlement. In the more recent case of Ratliff v. Sadlier, 53 Nev. 292, 299 P. 674, 675, we held the following provision of a statute to be directory merely: "Upon a trial of a question of fact by the court its decision must be given * * * within thirty days after the cause is submitted for decision." The ruling in the latter case is decisive of the question presented here, as there is no difference in principle.

██ Respondent also moved to strike the bill of exceptions because the same was not served upon it. The following indorsement is on the bill of exceptions appearing in the record: "Service of the within bill of exceptions and record on appeal admitted this 2nd day of February, 1931. Hawkins, Mayotte & Hawkins, attorneys for Defendant." It is true that after the 2d day of February, 1931, and before the bill of exceptions was settled and allowed by the district judge on April 13, 1931, it was amended by the addition of certain papers and the bill as amended and settled was not served on respondent. The additions consist of: respondent's notice of motion for judgment on the pleadings; and order shortening time for hearing of same and acknowledgment of service of such notice by attorneys for appellant; copies of affidavits of service of notice of decision, of service of decision and order, of service of notice to have judgment dismissing the action and terminating option agreement, for costs, and order shortening time for notice and hearing. It will be seen that respondent's counsel were the authors of these documents added to the bill of exceptions, and therefore had perfect knowledge of the same. Moreover, it appears from the certificate of settlement and allowance by

the judge that respondent demanded the incorporation of said affidavits of service of notice of decision and order. Their incorporation was consented to by counsel for appellant. Under such circumstances it is difficult to see how respondent was prejudiced by the failure to serve the bill of exceptions as settled. The judge settling the bill of exceptions made no order for its service as settled and was under no duty to do so. The statute does not require it.

■ A motion was made to strike the bill of exceptions and record on appeal (which, together with the last notice of appeal and undertaking on appeal, constitute the transcript on appeal in this case), for failure to serve it before filing in this court. This motion will be denied for the reasons we have just given for not striking the bill of exceptions. It is true that, by subdivision 3 of rule 13 of the rules of the supreme court, service of a copy of the transcript of the record on appeal is required to be made upon the opposite party. But the most we would do if this rule were not substantially observed would be to order compliance therewith before applying any other remedy. But where, as in this case, there is but a technical deviation from the rule, such as not serving respondent with copies of the papers heretofore mentioned, of which respondent had full knowledge, no useful purpose would be served in ordering such service.

■■ The last motion is also based upon the following statement, to wit: "That said bill of exceptions and record on appeal was filed in the above entitled court without right or authority, and in violation of the statutes of Nevada in such cases made and provided, and in violation of the rules of the above entitled court." The motion will be denied in this respect because the statement is too general to be considered as a ground of motion. The last motion is also based upon the ground "that no judgment roll certified by any one authorized by the statute or court rules to certify judgment roll was ever at any time served upon respondent or the attorneys for respondent herein."

The judgment roll is not required to be served upon a respondent on the taking of an appeal.

The motion to strike a portion of the certified copies of the judgment roll is directed against what is named in the record as a copy of the original first judgment roll, and against all of the papers contained therein. The clerk certified to a copy of the judgment roll in the case as originally tried in the lower court, and to a copy of the judgment roll as judgment was rendered and entered on the pleadings. After the reversal of the judgment in this court, respondent, who was appellant in the first instance, filed an amended and supplemental answer to the second amended complaint as finally amended, to which latter pleading a reply was filed, and, as heretofore stated, judgment was thereafter rendered and entered on the pleadings. It will be seen that there may be papers in the first certified judgment roll that are not essential to a proper consideration of the questions that may arise on this appeal, but as counsel for respondent have not much insisted on this latter motion, either in their briefs or oral argument, and as no useful purpose will be served thereby, we will not attempt to determine in advance which papers, if any, are not essential, and strike them.

It is ordered that all motions made by respondent be, and they are hereby, denied on all the grounds stated.

### ON THE MERITS

February 5, 1932.                    7 P.(2d)593.

*Cooke & Stoddard* and *Booth B. Goodman,* for Appellant:

*Hawkins, Mayotte & Hawkins,* for Respondent:

## OPINION

By the Court, SANDERS, J.:

This was an action in specific performance. Upon a former appeal in the action (52 Nev. 140, 283 P. 403), the judgment in favor of the plaintiff on the merits was reversed, and the cause was remanded for new trial upon two grounds: (1) That the trial court erred in permitting testimony concerning transactions with persons since deceased who represented the defendant corporation; (2) that a denial of a new trial without hearing or consideration of the motion on its merits by the judge succeeding the judge who rendered judgment and reassigned the case to him, was error.

Upon the filing of this court's remittitur in the court below, the defendant, with leave of court, filed an amended and supplemental answer to the plaintiff's second amended complaint, as finally amended, to which the plaintiff filed a reply, and the cause was set for trial. On the day of the trial, before any evidence was offered, the defendant orally moved for judgment on the pleadings. Upon objection, notice of motion and motion was reduced to writing and served upon the plaintiff. The plaintiff was notified that the defendant would move for judgment on the pleadings upon three grounds: (1) That the plaintiff's pleadings did not state facts sufficient to constitute a cause of action; (2) that plaintiff's pleadings did not state facts sufficient to entitle plaintiff to specific performance of the contract made the subject of the complaint; (3) that plaintiff's pleadings demonstrate that the defendant is entitled to judgment of dismissal of the action and for judgment terminating the contract counted on in the pleadings.

The court granted the motion and entered judgment upon the pleadings. The judgment is unusual in form, in that it contains a recital of each step taken in the proceedings on the motion, from which it was adjudged, ordered, and decreed as follows:

"That defendant's motion for entry of such judgment

be, and the same is hereby, sustained and granted; that the above entitled action be, and the same is hereby, dismissed; that said option agreement, of date October 20, 1917, exhibit A to said 'Second Amended Complaint, as Amended,' as altered and changed by the said agreement of date July 1, 1918, exhibit C to said 'Second Amended Complaint, as Amended,' be and said option agreement is hereby, terminated; that the defendant do have and recover of the plaintiff its costs herein taxed, in the sum of $63.55.

"That, upon application of defendant, and good cause appearing therefor, it is further ordered: That the foregoing judgment be entered nunc pro tunc, as of December 18, 1930."

From this judgment the plaintiff has appealed.

■ We decline to follow the strategic arguments of learned and experienced counsel with respect to the regularity and validity of the proceedings had in the court below upon the motion for judgment on the pleadings. Upon the argument of this case, the Chief Justice suggested to counsel that for the purposes of a motion for judgment on the pleadings this court would consider only the pleadings. The settled rule is that upon a motion for judgment on the pleadings nothing dehors the complaint nor any defense thereto set up in the answer can be taken into account in disposing of such motion, but the motion is to be determined upon the same principles as would be a demurrer to the complaint upon the same ground. All the facts alleged are admitted for the purposes of the motion, and the court is to determine whether these facts constitute a cause of action. If the necessary facts are contained in the complaint, the objection that they are defectively set forth, or are in an ambiguous or uncertain form, will be unavailing. There must be an entire absence of some fact or facts essential to constituting a cause of action. Elmore v. Tingley, 78 Cal. App. 460, 248 P. 706; Hibernia S. & L. Soc. v. Thornton, 117 Cal. 481, 49 P. 573. Since the movant's motion admits the truth of all well-pleaded facts in the complaint, together

with all fair inferences to be drawn therefrom, and since, for the purposes of a motion of this character, the pleadings must be liberally construed, this court, after searching the complaint as on demurrer, is of opinion that the order and judgment under review must be reversed.

A summary of the material allegations of the complaint with its exhibits A, B, and C makes a voluminous document, subject to the criticism that it is not a concise statement of the facts, and is inartificially drawn with respect to the allegations of the performance of the covenants and conditions of the contract made the subject of the complaint. The complaint is divided into three causes of action, each predicated upon and arising out of a contract dated on October 20, 1917, exhibit A, as changed and amended on July 1, 1918, exhibit C. The complaint alleges that on October 20, 1917, the defendant made, executed, and delivered to one C. M. Wooster a certain option contract to purchase certain lands, water rights, and personal property situated in Pershing County, Nevada, a copy of which is attached to the complaint and marked exhibit A. The complaint alleges that on June 21, 1922, Wooster, for a valuable consideration, assigned and set over to the plaintiff exhibit A, and that plaintiff is now, and since which date has been, the owner of said contract as assignee of Wooster, and is the real party in interest in this action. Exhibit A shows that the defendant agreed to sell to Wooster the property mentioned for the payment of the consideration fixed therein at $202,003.25, $22,003.25 of which sum was paid by Wooster in cash, and the balance to be paid upon specified dates, with interest. The complaint alleges that under the provisions contained in said contract Wooster sold certain parts or parcels of the land described therein to one J. B. Daniel. The complaint in this connection alleges that, under express oral agreement made by Wooster with the defendant, Daniel gave to the defendant, for the mutual benefit of plaintiff and defendant, a mortgage on the property sold him to secure the payment of seven promissory purchase money notes for $9,180 each, with interest. The complaint alleges

that under the contract, exhibit A, the moneys collected on the Daniel notes were, by the defendant, to be applied as payments on the defendant's indebtedness to the Humboldt Lovelock Irrigation Light and Power Company, for 16,589⅕ shares of class "B" stock of said company. The complaint alleges said stock to be of special value which cannot be obtained in the open market. The complaint alleges that it was verbally agreed and understood that, after the defendant had collected three of the Daniel notes, all of the notes remaining due and unpaid were to be credited upon the purchase price of the property described in exhibit A; that the defendant credited all sums paid, and credited the face value of the Daniel notes remaining unpaid on the purchase price of the property, as orally agreed, but that defendant failed in making such credits to credit plaintiff with the sum of $6,609.60, interest collected on the Daniel note of November 1, 1920; that otherwise said contract, exhibit A, as changed and amended, exhibit C, was in all respects fully executed by both parties.

As a second cause of action, the complaint alleges, in substance, that at the time of the execution and delivery of exhibit A, and as a consideration for the execution thereof, the defendant orally agreed with C. M. Wooster that Wooster would use his best efforts to find purchasers for the land and property described in exhibit A and to complete the payment of the purchase price, and as compensation therefor, it was agreed that the defendant should pay Wooster as compensation for services so rendered, immediately upon completion of the payments of the full purchase price, the sum of $15,000, that Wooster had fully performed said services, and that the same, as rendered, were of the reasonable value of $15,000. The complaint alleges that, prior to suit, Wooster, for a valuable consideration, sold and assigned the said debt and claim for services to plaintiff, and that the plaintiff is the owner thereof and the real party in interest. The complaint, as finally amended, shows that on October 20, 1917, the defendant, by its secretary, F. M. Lee, delivered to Wooster

a written agreement in the form of a letter directed to said Wooster, whereby the defendant agreed to pay Wooster $15,000 as a commission on account of services rendered in reference to the sale of the property described in exhibit A, said sum to be paid when said contract had been fully completed and performed by Wooster, and not otherwise or at all. The complaint alleges that, prior to suit, demand was made upon the defendant to credit the contract of purchase and sale of the property with $6,609.60 (Daniel note), and with $15,000, evidenced by the Lee letter, hereinabove referred to. In the amendment to the second amended complaint it is alleged, in substance, that the plaintiff is, and at all times had been, willing and able to perform any and all obligations arising out of said contracts, and hereby and herewith pays into court the sum of $13,477.29, being a sum equal to the difference between the actual cash payments received by defendant and the total amount of the balance for principle and interest owing on April 2, 1923, plus interest at 6 per cent on $12,849.83; that said sum was paid into court to abide the decree settling all the rights of the parties arising out of said contracts, exhibits A and C. The prayer of the complaint is for a conveyance of the property from the defendant to the plaintiff, and that all rights of the parties arising out of the contracts and matters alleged in the complaint be determined, and that any sum or sums found to be due plaintiff be declared a lien upon and satisfied out of the money paid into court, and plaintiff be given judgment for any deficiency unsatisfied.

The learned trial judge, in passing upon the movant's motion for judgment on the pleadings, took the position that the item of $15,000 alleged in the complaint as commissions under the F. M. Lee letter, and the $6,609.60 item of interest on the Daniel note, should not be allowed as credits on the purchase price of the property made the subject of the pleadings, and therefore on the pleadings technically counsels' motion was good. Whether

the items claimed were allowable as credits on the purchase price of the property were material issues tendered in the complaint. It is well settled that, where a material issue is tendered by the pleadings, judgment on the pleadings is improper. Parks v. W. U. T. Co., 45 Nev. 411, 197 P. 580, 204 P. 884; 49 C. J. 670. In view of the allegations of the complaint relative to the two claimed credits, for the purpose of the movant's motion judgment could not be rendered on the pleadings. This court in one case has had occasion to hold that a motion for judgment on the pleadings raises a question of law only, and should be sustained, when, under the admitted facts of a pleading, the moving party would be entitled to a judgment on the merits. Edward v. Jones, 49 Nev. 342, 246 P. 688. Clearly no such case is presented by the bill or complaint under review as would entitle the defendant to judgment on the merits. The trial court, in rendering final judgment, dismissing the action and terminating the contracts made the subject of the pleadings, apparently entered judgment on the theory that its separate and affirmative defense, pleaded by way of counterclaim, set forth matter which the court concluded entitled the defendant to the judgment rendered. No judgment could be rendered for defendant where his defense, as here, is put at issue. 49 C. J. 672. It is a well-settled rule that, if material allegations are denied in the answer, a motion for judgment on the pleadings should not be granted. Manchester M. A. State Bank v. Smith, 90 Cal. App. 506, 265 P. 981. The material issues of fact presented by the complaint made it erroneous to grant the defendant's motion for judgment on the pleadings.

Contention is made that the verbal agreement made in connection with the contracts in respect to the Daniel note transaction brings the case within our statute of frauds. This contention is untenable.

■ The authorities hold that, when a court of equity has once obtained jurisdiction in a suit for specific performance, it will, in accordance with the settled rules of equity jurisprudence, do complete justice by deciding the

entire case and determining the whole controversy, as between the persons interested who have been made parties to the action. 23 Cal. Jur. sec. 65, p. 509. Hence, in such cases, courts are frequently called upon to enter alternative decree under the doctrine of conditional specific performance. In such cases decrees in equity are molded in such a way as to give full protection as to the rights of the parties as set forth in the pleadings. Consequently, should it be determined, upon the trial of the issues tendered by this complaint, that the plaintiff had not kept and performed the conditions precedent in respect to payments of the purchase price, a decree under the pleadings in favor of the plaintiff might be conditioned on his performance of the covenants, of which performance on his part is due, or will be due on performance by the defendant. 6 Page on the Law of Contracts, sec. 3368.

Without intimating any opinion on the merits of the issues tendered by the pleadings, we conclude that the order sustaining the defendant's motion for judgment thereon and the judgment should be reversed, with costs, and that plaintiff should have and recover all costs incurred by it at the session of the court in which the order for judgment on the pleadings was entered, and that the remittitur of this court reversing the order and judgment should issue forthwith.

It is so ordered.

DUCKER, J.:

I concur in the order of reversal and that the remittitur issue forthwith.

COLEMAN, C. J.:

I concur in the order. This case was tried several years ago, and a judgment was rendered in favor of the plaintiff, which was reversed because of errors of law. The case was remanded and set for trial on the merits. On the day of trial, the defendant, for the first time, made a motion for judgment on the pleadings, which was granted; but in granting the motion the court

was influenced entirely by matters dehors the pleadings. From the judgment thus rendered, the plaintiff took an appeal. Upon the argument in this court, the defendant not only insists upon the contention put forth in the lower court, but urges for the first time that the complaint does not state a cause of action because of certain allegations relative to the Daniel notes.

I concur in the order of reversal, for the reason that the lower court in granting the motion took into consideration matters dehors the pleadings, something it had no right to do on a motion of the character mentioned.

As to the Daniel matter, the complaint alleges that, pursuant to an oral modification of the original agreement, the defendant accepted certain notes for collection and agreed to credit the amounts collected upon the indebtedness. This constituted an executed contract. It is now too late to urge that there could be no oral modification of the original written contract.

I think the case should be remanded for trial upon the merits according to the principles of equity governing such matters.

ON COSTS

June 17, 1932.

## OPINION

By the Court, SANDERS, J.:

The appellant filed a cost bill in this case containing a number of items. Respondent filed objections to several of the items, on the ground that they are excessive.

The clerk ruled upon the objections and reduced some of the items, from which ruling the respondent has appealed.

■ The objection to the item of costs for typing in the matter of respondent's motion to dismiss the appeal for the reason that no cost bill therefor was filed within five days from notice of decision thereon is without merit. All items of costs may be included in cost bill after petition for rehearing is denied. Siebert v. Smith, 49 Nev. 312, 246 P. 1.

■ We agree with the ruling of the clerk on the contention that certain parts of the record were not necessary to the determination of the case, in holding that if such were the case, respondent's failure to move to strike prior to a decision on the merits precludes the raising of the point at this time and in this manner.

As to the calculations made by the clerk and the ruling based thereon, we are of the opinion that they should be sustained.

It is so ordered.