BART SCHOUWEILER, LORETTA STARBUCK, JUDITH E. McELWEE, CHARLES A. COUCH, GREGORY PISANI AND FLORENCE M. STERNAD, ON BEHALF OF THEMSELVES AND OTHER PROPERTY OWNERS OF BAKER PLACE CONDOMINIUM HOMEOWNERS ASSOCIATION, A NON-PROFIT CORPORATION, APPELLANTS AND CROSS-RESPONDENTS, *v.* YANCEY COMPANY, A CALIFORNIA CORPORATION; FRED HARRELL AND HIGHLAND INVESTMENTS, INC., A NEVADA CORPORATION; DAVID JACOBSON ASSOCIATES, INC., A CALIFORNIA CORPORATION, RESPONDENTS, AND MURPHY BROS. CONSTRUCTION CO., A NEVADA CORPORATION; CAVALLERO HEATING AND AIR CONDITIONING, INC., A NEVADA CORPORATION, RESPONDENTS AND CROSS-APPELLANTS.

No. 15775

December 31, 1985                    712 P.2d 786

[Rehearing denied May 28, 1986]

*Durney & Brennan,* Reno, for Appellants and Cross-Respondents.

*Nancyann Leeder,* Reno, for Respondent Yancey Company.

*C. Coe Swobe,* Reno, for Respondents Fred Harrell and Highland Investments, Inc.

*Vargas & Bartlett* and *Philip W. Bartlett,* Reno, for Respondent David Jacobson Associates, Inc.

*Mackenroth, Seley, Chaffin & Anwyl* and *Claudia J. Robinson,* Sacramento; *Jon Douglas Benson* and *Paul E. Haefner,* Reno, for Respondent and Cross-Appellant Murphy Bros. Construction Co.

*Barker, Gillock & Perry* and *Ken Bick,* Reno, for Respondent and Cross-Appellant Cavallero Heating and Air Conditioning, Inc.

## OPINION

*Per Curiam:*

Appellants (Homeowners), a class of condominium owners, brought suit against the respondents for the negligent construction of the Baker Place Condominium project. Homeowners allege that each defendant was in some way responsible for the numerous design and construction defects present in the project including (1) faulty roofing; (2) faulty heating, ventilation, and air conditioning system; (3) faulty paving throughout the project; (4) negligent installation of water service lines to each unit; and (5) negligent installation of cold water piping within chimney enclosures.

After a jury trial on the merits, Homeowners prevailed against Murphy Bros. Construction Co. (Murphy Bros.), Yancey Company (Yancey), and David Jacobson Associates, Inc. (Jacobson). The jury found the three remaining defendants, Cavallero Heating and Air Conditioning, Inc. (Cavallero), Highland Investments, Inc., and Fred Harrell, to be free from liability; accordingly, judgment was entered in favor of these defendants against Homeowners.

The appeal and cross-appeals challenge the district court's decisions on several post-judgment motions regarding attorney's fees and costs.

### HOMEOWNERS' APPEAL

#### I.  Homeowners' motion for attorney's fees pursuant to NRS 18.010.

Attorney's fees may be awarded to a prevailing plaintiff only if he or she recovers $10,000 or less. *See* NRS 18.010.[1] Homeowners made a motion to recover their attorney's fees from Murphy

---

[1] NRS 18.010 states in relevant part:
> 2.  The court may make an allowance of attorney's fees to:
> (a) The plaintiff as prevailing party when the plaintiff has not recovered more than $10,000;

Bros., Yancey, and Jacobson following the entry of judgment for Homeowners. The district court found NRS 18.010 to be inapplicable because the judgment that Homeowners received, $196,389.22, was well above the $10,000 statutory ceiling. Homeowners contend that the total award should be divided among the thirty-eight members of the class; therefore, Homeowners compute the judgment to be $5,168.14 per class member. Because each plaintiff recovered less than $10,000, Homeowners argue they are entitled to attorney's fees as authorized by NRS 18.010.

Homeowners base this contention on the nature of condominium ownership. Homeowners note that only the individual homeowners have standing to bring this action. *See* Deal v. 999 Lakeshore Association, 94 Nev. 301, 579 P.2d 775 (1978). Also, since each Homeowner is liable for a $1/38$th share of the common area expenses, Homeowners maintain each plaintiff is entitled to possess an individual $1/38$th share of the judgment.

Even assuming, arguendo, that each Homeowner is entitled to possess a share of the judgment, it does not necessarily follow that individual shares govern the application of NRS 18.010. It is well established in Nevada that attorney's fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule. Sun Realty v. District Court, 91 Nev. 774, 776, 542 P.2d 1072 (1975). This court has also held "it is the total judgment that governs and where the amount recovered exceeds the statutory limit of $10,000 the court may not grant an award of attorney's fees." Peterson v. Freeman, 86 Nev. 850, 856, 477 P.2d 876 (1970).

NRS 18.010 does not authorize a court to divide the total judgment by the number of prevailing litigants. This court has previously held "in the absence of legislation *specifically* providing for attorney's fees, such fees cannot be awarded. . . ." (Emphasis added.) Consumers League v. Southwest Gas, 94 Nev. 153, 157-158, 576 P.2d 737 (1978). It is for the legislature, and not this court, to make a special provision for class actions within NRS 18.010. Accordingly, we hold that the district court was correct in denying the award of attorney's fees pursuant to NRS 18.010.[2]

---

[2]We also conclude that the purpose of the rule is not furthered by Homeowners' construction of the statute. Presumably the legislative intent behind the enactment of NRS 18.010 was to aid litigants who might forego suit because the costs of litigation would outweigh their potential recovery. Litigants with claims worth less than $10,000 are therefore encouraged to pursue meritorious suits. Homeowners, however, did not hire thirty-eight attorneys to file thirty-eight separate suits; they filed as a class. Their claims arose out of a single situation, the negligent construction of the project, requiring their attorney to prepare for only one set of facts for the entire class. In this context, we conclude that consideration of the judgment as a whole was proper.

II.   Homeowners' motion for expert witness fees in excess
of $750 pursuant to NRS 18.005(5).

NRS 18.005 provides in relevant part:

18.005 "Costs" defined.  For the purposes of NRS
18.010 to 18.150, inclusive, the term "costs" means:

. . .

5.   Reasonable fees of not more than five expert witnesses
in an amount of not more than $750 for each witness, unless
the court allows a larger fee after determining, pursuant to a
hearing, that the circumstances surrounding the expert's tes-
timony were of such necessity as to require the larger fee.

At the conclusion of the jury trial, Homeowners requested that
the district court approve fees in excess of $750 for four expert
witnesses.[3] The district court refused Homeowners' request with-
out stating its reasons for so doing. Homeowners maintain that it
was an abuse of discretion for the trial court to decide the issue
without stating its reasons in the decision.

In the absence of express findings of fact and conclusions of
law by the trial court, this court must rely on an examination of
the record to see if the trial court's decision constitutes an abuse
of discretion. *See* Pagni v. City of Sparks, 72 Nev. 41, 44, 293
P.2d 421 (1956). The trial transcript was not part of the record on
appeal; therefore, we cannot evaluate the necessity of the experts'
testimony. "Traditionally, when evidence on which the lower
court's judgment rests is not included in the record on appeal, it
is assumed that the record supports the district court's findings."
Bates v. Chronister, 100 Nev. 675, 679, 691 P.2d 865 (1984). *See
also* Stover v. Las Vegas Int'l Country Club, 95 Nev. 66, 68, 589
P.2d 671 (1979). Therefore, we must presume the district court's
denial of excess expert witness fees pursuant to NRS 18.005(5)
was correct.

III.   Homeowners' motion to pass prevailing defendants'
costs through to losing defendants.

Costs must be allowed "of course to the prevailing party" in
any action in which plaintiff seeks the recovery of money or of
damages in excess of $1250[4]; these costs are to be borne by any

---

[3]Homeowners incurred the following expenses for expert witnesses:

| | |
|---|---|
| William C. Buckeley | $1,660.00 |
| Michael D. Blakely | $7,872.19 |
| Ronald P. Mentgen | $1,462.50 |
| James Nichols | $2,944.39 |

[4]This amount has been amended to read $2500. *See* 1985 Nev. Stats. ch.
534, § 3 at 1622. This amendment has no effect on the outcome of this
appeal.

adverse party against whom judgment is rendered. NRS 18.020(3). This award of costs is mandatory. *See* Randono v. Turk, 86 Nev. 123, 133, 466 P.2d 218 (1970).

Judgment was entered against Yancey, Murphy Bros., and Jacobson (the losing defendants) in favor of Homeowners; therefore, Homeowners prevailed against these defendants. Because the prevailing defendants, Cavallero, Harrell, and Highland Investments, are allowed to tax their costs against Homeowners pursuant to NRS 18.020, these costs become costs incurred by Homeowners. Accordingly, we conclude that the costs of the prevailing defendants may be recovered by Homeowners from the losing defendants pursuant to NRS 18.020.[5]

IV.  Cavallero's motion to recover attorney's fees pursuant to Nevada Rule of Civil Procedure 68.

The district court awarded attorney's fees to Cavallero pursuant to Nevada Rule of Civil Procedure 68 which provides in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him. . . . If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorney's fees, but shall pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer.

Cavallero made an offer of judgment in the amount of $8,500 to Homeowners twelve days before trial began.[6] Homeowners did not prevail against Cavallero at the trial's conclusion; therefore,

---

[5]Harrell and Highland Investments seek $1500 pursuant to Nevada Rule of Appellate Procedure 38 because they assert Homeowners' appeal as to this issue was frivolous. This appeal was not so frivolous as to warrant sanctions as in the case In re Herrmann, 100 Nev. 149, 679 P.2d 246 (1984).

[6]It is true that all the defendants, including Cavallero, joined in an offer of judgment of $185,000 given to Homeowners' counsel eleven days before trial began. The wording of this second offer ("This is a joint offer on behalf of all defendants herein and, *if accepted,* supercedes [sic] any other offer, whether previously accepted or not, made by any individual defendant.") (emphasis added) seems to make it clear that Cavallero's offer would only be superseded if this second offer was accepted.

Cavallero sought and was awarded attorney's fees from Home-owners pursuant to Rule 68. Homeowners argue that class actions are excluded from Rule 68 because of the difficulty inherent in notifying members in a large class of a settlement offer within the allotted ten days. There is no express exemption for class actions in Rule 68, and we decline to create such an exemption.

It is within the discretion of the trial court judge to allow attorney's fees pursuant to Rule 68. *See* Armstrong v. Riggi, 92 Nev. 280, 281, 549 P.2d 753 (1976). In exercising that discretion, the trial court must evaluate the following factors: (1) whether plaintiff's claim was brought in good faith; (2) whether defendant's offer of judgment was brought in good faith in both its timing and amount; (3) whether plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether fees sought by the offeror are reasonable and justified in amount. Beattie v. Thomas, 99 Nev. 579, 588, 668 P.2d 268 (1983).

In this case, the trial court evaluated the necessary factors. Unless the trial court's exercise of discretion is arbitrary or capricious, this court will not disturb the lower court's ruling on appeal. *See* French v. French, 91 Nev. 248, 253, 533 P.2d 1357 (1975). We cannot say that the trial court was arbitrary or capricious in this instance. Therefore, the district court did not err in allowing Cavallero to recover its attorney's fees from Homeowners.

## CAVALLERO CROSS-APPEAL

While the trial court properly exercised its discretion in awarding attorney's fees to Cavallero pursuant to Rule 68, it did not consider the proper factors in fixing the amount to be awarded. The district court stated that "in view of the amount of the offer ($8,500.00), the amount of recovery for attorney's fees will be limited to $5,000.00." We conclude, however, that the amount of the offer of judgment is not relevant to a reasonable award of attorney's fees.

We have previously outlined the proper factors to consider in a discretionary award of attorney's fees: (1) the qualities of the advocate: his ability, training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, intricacy, importance, the time and skill required, the responsibility imposed and the prominence and character of

the parties when they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; and (4) the result: whether the attorney was successful and what benefits were derived. Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 349, 455 P.2d 31 (1969) (quoting Schwartz v. Schwerin, 336 P.2d 144, 146 (Ariz. 1959)).

Because the district court based its award on the amount of the offer of judgment and not the factors listed in *Brunzell,* we remand this matter to the district court with instructions to reevaluate the award in light of the proper factors.

## MURPHY BROS. CROSS-APPEAL

The jury found respondents Murphy Bros. and Jacobson each 50 percent liable on Homeowners' claim of negligent paving design and construction. The district court, in entering judgment on the verdict, found Murphy Bros. and Jacobson to be jointly and severally liable on the $50,230 verdict. Murphy Bros.' motion to alter the judgment from "joint and several liability" to "several liability" was denied.

The motion to alter the judgment, in addition to reducing Murphy Bros.' liability on the judgment, was also crucial to Murphy Bros.' motion for attorney's fees against Homeowners under Rule 68. Murphy Bros. made an offer of judgment for $30,000 to Homeowners in compliance with Rule 68. If Murphy Bros. is severally liable for one-half of $50,230, $25,115, Murphy Bros. might be entitled to attorney's fees pursuant to Rule 68; however, if Murphy Bros. is jointly and severally liable for $50,230, it cannot collect attorney's fees from Homeowners under Rule 68 because its offer was less than Homeowners' recovery.

Homeowners maintain that Murphy Bros. and Jacobson acted in concert in negligently performing the paving contract. On the other hand, Murphy Bros. argues that it completed the project according to Jacobson's design and specifications, and that it and Jacobson cannot be found jointly liable because their tortious conduct was independent and separate of each other. *See* Blaisdell v. Stephens, 14 Nev. 17 (1879). However, because we do not have the trial transcript before us, we must assume the district court was correct in assigning liability between Jacobson and Murphy Bros. Bates v. Chronister, 100 Nev. 675, 677, 691 P.2d 865 (1984). Therefore, we presume that the district court was correct in denying Murphy Bros.' motions to alter the jury verdict and for attorney's fees pursuant to Rule 68.

Accordingly, we affirm the judgment of the trial court with the exception of the amount of attorney's fees awarded to Cavallero.

We remand this issue to the trial court with instructions to evaluate the amount of attorney's fees to be awarded in light of the factors set out in this opinion.