An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLEARWATER MECHANICAL, INC., A NEVADA LIMITED LIABILITY COMPANY; AND MARIO PAONESSA, Appellants, vs. RECREATION DEVELOPMENT COMPANY, LLC, A NEVADA LIMITED LIABILITY COMPANY; JOHN MOSS, AN INDIVIDUAL; ALBERT NELSON, AN INDIVIDUAL; AND JEFF WHITTLE, AN INDIVIDUAL, Respondents. | No. 63637 |

**FILED**

MAY 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| RECREATION DEVELOPMENT COMPANY, LLC; JEFF WHITTLE; JOHN MOSS; AND ALBERT NELSON, Appellants, vs. MARIO PAONESSA; AND CLEARWATER MECHANICAL, INC., Respondents. | No. 64252 |

*ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

These are consolidated appeals from a district court judgment in an interpleader breach of contract action and an award of attorney fees and costs. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Mario Paonessa, co-owner of Clearwater Mechanical, Inc., and Recreation Development Company, LLC, (RDC) executed a letter of intent for RDC to purchase Clearwater. While assessing Clearwater's financial viability, RDC learned that Clearwater was approximately $230,000 in

15-16422

debt. Rather than proceed with the purchase or a merger, RDC and Paonessa entered into an employment agreement.

During this time, Clearwater was a subcontractor for Jaynes Corporation on a project to remodel a portion of the Clark County Family Court Building. At the conclusion of the project, RDC and Paonessa disputed who was entitled to receive the final payment from Jaynes. Consequently, Jaynes filed an interpleader action in the district court. Clearwater and RDC filed separate answers, cross-claims, and third-party complaints for breach of contract, among other claims. The final payment from Jaynes was deposited with the court, Jaynes was released from the action, and RDC and Clearwater were ordered to litigate or settle between themselves.

Prior to trial, RDC extended to Clearwater and Paonessa an apportioned offer of judgment for half of the final payment from Jaynes. Paonessa and Clearwater rejected the offer. Following a bench trial, the court decided all claims in favor of RDC and awarded it the entire Jaynes payment. Accordingly, RDC filed a post-judgment motion for fees and costs pursuant to NRS 17.115 and NRCP 68. The court denied RDC's motion for fees, but granted its motion for costs. On appeal, Paonessa challenges the district court's decision on the merits, and on cross-appeal, RDC challenges the district court's denial of its motion for attorney fees.

*District court findings of fact*

Clearwater contends that the district court was clearly erroneous in finding that (1) RDC did not make a profit on the remodel project; (2) RDC was not in possession of any assets that belonged to Clearwater or Paonessa; and (3) RDC's principals were not parties to any agreement, intended or alleged, for the purchase of Clearwater. Findings of fact are clearly erroneous and subject to reversal when "there is no

evidence in support of [them]." *Pink v. Busch*, 100 Nev. 684, 688, 691 P.2d 456, 459 (1984). In a contract dispute, the complaining party carries the burden of proof. *See* 23 Richard A. Lord, *Williston on Contracts* § 63:14 (4th ed. 2002).

Regarding Clearwater's first contention, Clearwater's only proof that RDC profited from the project is a report that profits of $886.14 were anticipated when the project was 99% complete. This does not conclusively establish that RDC profited from the project. At trial, Paonessa conceded that he did not know if any profits were realized; and Clearwater does not even argue (let alone prove) that the remaining 1% of the project would have cost less than $886.14 to complete. Clearwater's unsupported argument that RDC may have realized a profit does not justify reversal. Accordingly, we conclude that the district court did not err in finding that RDC did not profit from the project.

Second, the district court did not err in finding that RDC is not in possession of any of Clearwater's assets. Possession is "having or holding property in one's power; the exercise of dominion over property. . . . The detention or use of a physical thing with the intent to hold it as one's own." *Black's Law Dictionary* 1351 (10th ed. 2014). Paonessa took three water heaters that Clearwater owned to RDC's facilities, along with the rest of Clearwater's inventory and assets, when he vacated Clearwater's business premises. Paonessa testified at trial that he was informed he could retrieve the water heaters from RDC. RDC's principals also testified at trial that RDC has no use for the heaters and wants Paonessa to remove them. RDC solely "possesses" the water heaters because Paonessa failed to retrieve them pursuant to RDC's

direction. Therefore, we conclude that RDC does not have the intent necessary to possess the heaters from a legal perspective.

Third, Clearwater argues that RDC's letter of intent and the financial documentation it gave RDC preclude the trial court's finding that RDC's principals did not agree to purchase Clearwater. This argument is unpersuasive. RDC explains that after reviewing the financial information, its accountant advised against purchasing Clearwater due to its substantial debt. Testimony at trial indicated that a review of financial documentation is generally necessary to allow the purchasing company to perform due diligence. We consequently conclude that the district court did not err in finding that RDC's principals did not agree to purchase Clearwater.

*The district court's legal conclusions*

Clearwater contends that the district court erred in concluding as a matter of law that (1) Paonessa interfered with the payment from Jaynes to RDC, and (2) that RDC was not unjustly enriched.

A determination based on factual conclusions but requiring distinctively legal analysis is reviewed as a mixed question of law and fact. *Hernandez v. State*, 124 Nev. 639, 646, 188 P.3d 1126, 1131 (2008). Thus, deference will be given to factual findings so long as those findings are supported by substantial evidence and are not clearly erroneous; the legal consequences of those factual findings will be reviewed de novo. *Ybarra v. State*, 127 Nev. 47, 58, 247 P.3d 269, 276 (2011).

The district court did not clearly err when it determined that Paonessa interfered with payments from Jaynes, because the court heard testimony that Paonessa misappropriated a check that the parties designated for deposit in RDC's account. *See Pink*, 100 Nev. at 688, 691 P.2d at 459. Paonessa did not dispute this testimony. Hence, we conclude

that the district court did not err in concluding Paonessa interfered with the payment.

Clearwater also failed to prove that RDC was unjustly enriched. *See Kitchin v. Mori*, 84 Nev. 181, 184, 437 P.2d 865, 866 (1968) (stating that the burden is on the alleging party to prove unjust enrichment); *see also Unionamerica Mortg. & Equity Trust v. McDonald*, 97 Nev. 210, 212, 626 P.2d 1272, 1273 (1981) (defining unjust enrichment). Clearwater failed to prove that RDC profited during the time that it employed Paonessa. Clearwater also failed to prove any damages or an amount of damages. And Clearwater failed to prove that Paonessa's salary and RDC's payment of Clearwater's debts was inadequate compensation. Consequently, we conclude the district court did not err in determining that RDC was not unjustly enriched.

*Employment agreement*

Clearwater contends that the district court erred by failing to identify which of two similar employment agreements executed by the parties (trial exhibit 6 agreement or trial exhibit 16 agreement) was valid. It also contends that limiting enforcement of the agreement to the joint payment requirement was erroneous.

At trial, the parties disputed which version of the employment agreement (exhibit 6 or 16) controlled. If exhibit 16 controlled, as Paonessa contends, the terms of the contract may have required RDC to employ Paonessa for a minimum of three years.[1] If exhibit 6 controlled, as RDC contends, the terms of the contract do not require RDC to employ

---

[1]The agreement referenced as exhibit 16 states that "Mario Paonessa agrees to obtain and maintain Plumbing, Class 'C1' Qualified Employee (QE) status with RDC while maintaining his employee status for same for a period of not less than three (3) year[s]."

 

Paonessa for any specific length of time.[2] Accordingly, whether RDC could terminate Paonessa's employment without being in breach of the employment agreement depends upon which agreement controls.

The existence of a contract is a question of fact, "requiring this court to defer to the district court's findings unless they are clearly erroneous or not based on substantial evidence." *May v. Anderson*, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005). Unfortunately, the district court's order does not expressly state which version of the contract that the court found to be binding; the court's findings simply indicate that "Recreation Development Company entered into an [']Employment and Projects Transactions Agreement' (the 'agreement') with Clearwater and Paonessa and said agreement is valid and binding." Regardless, "[i]n the absence of an express finding it is the duty of the appellate court to presume the findings of the lower court to have been such as were necessary to support the judgment." *Edwards v. Jones*, 49 Nev. 342, 352, 246 P. 688, 691 (1926).

We conclude that a careful reading of the district court's order reflects that it found exhibit 6 to be the controlling agreement, because in the district court's findings of fact, the court quoted language from exhibit 6. The language quoted in the district court's findings of fact does not appear in exhibit 16. Moreover, the district court's order explicitly states that the agreement is valid and binding. Therefore, we conclude that the district court did not find that the only enforceable term is the joint payment provision.

---

[2]The agreement referenced as exhibit 6 states, "Mario Paonessa agrees to obtain and maintain Plumbing, Class 'C1' Qualified Employee (QE) status with RDC while maintaining his employee status for same."

*Attorney fees*

RDC requests that this court reverse the district court's denial of its motion for attorney's fees and remand the matter for a hearing on the amount of fees. RDC asserts that the district court abused its discretion in denying its request for fees because the court did not apply the factors as required in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983).

This court reviews attorney fees awards for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. Adv. Op. No. 9, 319 P.3d 606, 615 (2014). The district court's ruling will be upheld unless "the trial court's exercise of discretion [in evaluating the *Beattie* factors] is arbitrary or capricious." *Schouweiler v. Yancey Co.*, 101 Nev. 827, 833, 712 P.2d 786, 790 (1985).

Offerees who reject an offer of judgment but fail to obtain a more favorable judgment "shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, *if any be allowed.*" NRCP 68(f)(2) (emphasis added); *see also* NRS 17.115(4)(d)(3). When the trial court finds that an offer of judgment was valid, the court "*must* consider and weigh" the factors enumerated in *Beattie. Gunderson*, 130 Nev. Adv. Op. No. 9, 319 P.3d at 615 (emphasis added).

We cannot say that the district court's decision was arbitrary or capricious in this instance. Implicitly, the court's minutes reflect that the court found the joint offer of judgment valid for the purposes of NRS 17.115 and NRCP 68 sanctions and that it considered the *Beattie* factors in its denial of attorney fees. *See Beattie*, 99 Nev. at 588-89, 668 P.2d at 274. Further, the court's order stated that Paonessa's claims were not brought

in bad faith and his decision to reject the offer of judgment and proceed to trial was not grossly unreasonable.

However, the court's written order did not address the remaining two *Beattie* factors. Although "the district court's failure to make explicit findings is not a per se abuse of discretion," the record must nonetheless reflect that the district court considered all the factors. *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428-29 (2001). Here, the court's minutes and the record are insufficient to clearly reflect that the district court properly considered the validity of the offer of judgment and all of the *Beattie* factors. *See Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1049-50, 881 P.2d 638, 642-43 (1994); *see also* NRCP 58(c); *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (an oral pronouncement of judgment or the clerk's minute order are not valid for any purpose). Consequently, we remand with instructions to enter an order that addresses the validity of the offer and all of the *Beattie* factors.[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART, REVERSED IN PART AND REMANDED to the district court for entry of an order regarding RDC's request for attorney's fees that considers all of the *Beattie* factors.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[3]We have considered the parties' remaining arguments and conclude that they are without merit.

cc: Hon. Timothy C. Williams, District Judge
Williams & Associates
Scott Michael Cantor, Ltd.
Accelerated Law Group
Eighth Judicial District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A