IN THE SUPREME COURT OF THE STATE OF NEVADA

EFREN ISAAC SOTELO, AN
INDIVIDUAL,
Appellant,
vs.
PHILIP MICHAEL BOUCHARD, AN
INDIVIDUAL,
Respondent.

No. 81015

FILED

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.[1]

Respondent suffered injuries in a car wreck caused by appellant. Respondent then filed the underlying action against appellant, the company that had employed appellant, and appellant's father, who was the company's owner (the father and company are hereafter referred to as the "Employer Defendants"). In October 2016, a default was entered against appellant. Then in October 2017, respondent made a joint unapportioned offer of judgment to all three defendants for $99,000, which was not accepted. In August 2019, respondent settled with the Employer Defendants. Thereafter, in September 2019, a prove-up hearing was held, after which the district court entered a default judgment holding appellant liable for roughly $220,000 in damages to respondent.

Respondent then sought roughly $215,000 in attorney fees and roughly $33,000 in costs against appellant based on the offer of judgment.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-16904

Over appellant's objections, the district court awarded respondent roughly $88,000 in attorney fees and roughly $32,000 in costs. This appeal followed.[2]

As a threshold matter, appellant contends that the district court acted in excess of its subject matter jurisdiction in entering the default judgment because appellant's due process rights were violated by virtue of respondent's complaint not sufficiently apprising appellant of his potential liability for money damages.[3] *Cf. Colwell v. State*, 118 Nev. 807, 812, 59

---

[2]As set forth in this disposition, the majority of appellant's arguments on appeal were not raised in district court, and we decline to consider them in the first instance. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). We reiterate that "[t]he purpose for the above rule" is not to avoid addressing meritorious arguments or to resolve appeals based on technicalities, but rather "to prevent appellants from raising new issues on appeal concerning which the prevailing party had no opportunity to respond and the district court had no chance to intelligently consider during proceedings below." *Oliver v. Barrick Goldstrike Mines*, 111 Nev. 1338, 1344-45, 905 P.2d 168, 172 (1995). In other words, "[a]n appeal is not a 'do-over.'" *In re Tribune Media Co.*, 626 B.R. 209, 213 (D. Del. 2021).

[3]It is questionable whether this court has jurisdiction to consider appellant's challenge to the default judgment. Appellant's docketing statement characterized the district court's order awarding attorney fees and costs as being appealable under NRAP 3A(b)(8) as a special order entered after final judgment, which would render the default judgment itself an appealable final judgment, from which appellant did not timely appeal. *See* NRAP 4(a)(1) ("[A] notice of appeal must be filed after entry of a written judgment or order, and no later than 30 days after the date that written notice of entry of the judgment or order appealed from is served."); *Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 519, 134 P.3d 726, 728 (2006) ("This court lacks jurisdiction to consider an appeal that is filed beyond the time allowed under NRAP 4(a)."). But because the district court's order awarding fees and costs could arguably be construed as a final judgment, we address the merits of appellant's challenge to the default judgment. *Cf.*

P.3d 463, 467 (2002) ("[S]ubject-matter jurisdiction is not waivable, and a court's lack of such jurisdiction can be raised for the first time on appeal."); *cf. also* NRCP 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings . . . ."). We are not persuaded by this argument, as respondent's complaint sought damages for medical expenses and general damages both in excess of $10,000, and alleged that respondent suffered "severe bodily injury" as a result of the accident. Given these requests for relief and the alleged injuries, appellant was given adequate notice of the type and amount of damages for which he might be liable. *See Garamendi v. Golden Eagle Ins. Co.*, 10 Cal. Rptr. 3d 724, 735 (Ct. App. 2004) ("The fact that the precise amount of the requested damages was not specified in the complaint does not mean that the resulting judgment necessarily resulted in a deprivation of due process of law."); *see also Jones v. St. Paul Travelers*, 496 F. Supp. 2d 1079, 1086 (N.D. Cal. 2007) (finding no due process violation where the damages awarded were the same kind as those sought in the complaint and where the scope of damages being sought was clear from the injuries allegedly suffered). In light of this notice and appellant's ability to answer respondent's complaint, appellant was afforded due process. *Eureka Cty. v. Seventh Judicial Dist. Court*, 134 Nev. 275, 279, 417 P.3d 1121, 1124 (2018) ("Procedural due process requires that parties receive notice and an opportunity to be heard." (internal quotation marks omitted)). Consequently, the district court did not exceed its subject matter jurisdiction in entering the default judgment.

Appellant similarly contends that his due process rights were violated with respect to the order awarding attorney fees and costs because,

---

*Campos-Garcia v. Johnson*, 130 Nev. 610, 612, 331 P.3d 890, 891 (2014) (cautioning district courts and litigants that entering "amended judgment[s]" is often superfluous and confuses appellate jurisdiction).

SUPREME COURT
OF
NEVADA

(O) 1947A

again, respondent's complaint did not sufficiently apprise appellant of his potential liability for fees and costs. This argument was not raised in district court, and appellant does not contend that the issue implicates the district court's subject matter jurisdiction, so we decline to consider it in the first instance on appeal.[4] *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to present cogent arguments supported by salient authority).

Appellant next contends that respondent's offer of judgment was invalid because it did not satisfy NRCP 68(c)(2)(A)'s requirement that there be "a *single* common theory of liability against all the offeree defendants." (Emphasis added). Appellant's contention consists of two discrete points. Appellant's first point is that there must be a *single* theory of liability, i.e., only one theory of liability, such that if respondent alleged multiple theories of liability, respondent's offer would be invalid. This argument was not raised in district court, and we decline to consider it in the first instance on appeal. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983.

---

[4]Relying on *Hardison v. State*, 84 Nev. 125, 437 P.2d 868 (1968), appellant contends that this court *must* consider any constitutional arguments raised for the first time on appeal. In the 50-plus years since *Hardison* was decided, we have clarified both in the criminal and civil context that we have the *discretion* to consider a constitutional argument raised for the first time on appeal. *See, e.g., Somee v. State*, 124 Nev. 434, 443, 187 P.3d 152, 159 (2008); *Mason v. Cuisenaire*, 122 Nev. 43, 48 & n.7, 128 P.3d 446, 449 & n.7 (2006). We decline to exercise that discretion here.

Appellant's second point is that a common theory of liability cannot be premised on allegations that are demonstrably false, such as in this case where, according to appellant, it is undisputed that appellant stole a vehicle from the Employer Defendants, such that the Employer Defendants could not be liable under a theory of respondeat superior. We are not persuaded by this argument, at least based on the facts of this case. While the record does indicate that appellant was convicted of stealing the subject vehicle (which would negate respondeat superior liability), the record also indicates that the district court denied the Employer Defendants' summary judgment motion, which suggests that respondent's respondeat superior theory had some evidentiary basis. Because appellant failed to include the parties' summary judgment motion practice in his appellate appendix, we presume that the district court found there were questions of material fact with respect to respondeat superior liability. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (observing that it is an appellant's responsibility for providing an adequate record for this court's review and that when a portion of the record is missing, "we necessarily presume that the missing portion supports the district court's decision"). Thus, even assuming that a common theory of liability must be a *viable* theory of liability for purposes of NRCP 68(c)(2)(A), the district court would have been within its discretion in finding that respondent satisfied that standard. *See Spencer v. Klementi*, 136 Nev., Adv. Op. 35, 466 P.3d 1241, 1248 (2020) (reviewing a district court's decision to award attorney fees for an abuse of discretion); *cf. Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court).

Appellant further contends that he was not "authorized to decide whether to settle the claims against [all three] offerees" as required by NRCP 68(c)(2)(B). However, the record demonstrates that at the time respondent made the offer of judgment, counsel for the Employer Defendants' insurer was also representing appellant. At the November 21, 2019, hearing, the district court asked appellant's counsel why the insurer lacked a unity of interest amongst the three defendants that would have prevented the insurer from accepting the offer of judgment on behalf of all three defendants, to which counsel did not provide a meaningful response. In light of this exchange, we cannot conclude that the district court abused its discretion in finding that the insurer was authorized to accept the offer of judgment on behalf of all three defendants.

Appellant further contends that the district court abused its discretion in holding him liable for costs that respondent incurred in litigating against the Employer Defendants. *Cf. Cadle Co. v. Woods & Erickson, LLP*, 131 Nev. 114, 120, 345 P.3d 1049, 1054 (2015) (reviewing a district court's award of costs for an abuse of discretion). In particular, appellant contends that the district court erred in relying on *Schoueweiler v. Yancey Co.*, which held that a plaintiff who does not prevail against some defendants can nevertheless recoup costs incurred in litigating against those defendants from *other* defendants against whom the plaintiff *did* prevail. 101 Nev. 827, 831-32, 712 P.2d 786, 789 (1985). Appellant contends that *Schoueweiler* is distinguishable because the losing defendants in *Schoueweiler* actively litigated the case, whereas here, appellant defaulted. In this, appellant suggests that respondent "gam[ed] the system" by waiting until respondent settled with the Employer Defendants to seek a default judgment and prove-up hearing against appellant. Alternatively, appellant contends *Schoueweiler* is distinguishable because "the question in

Supreme Court
of
Nevada

(O) 1947A

6

*Schoueweiler* was whether costs taxed against a plaintiff by a prevailing defendant constituted 'costs' under NRS 18.020 such that the plaintiff could then tax those costs against a losing defendant."

We are not persuaded that either contention provides a meaningful basis for distinguishing *Schoueweiler*. With respect to appellant's first contention, it is not apparent that respondent was necessarily attempting to "gam[e] the system." As the district court observed at the November 21, 2019, hearing, if respondent had promptly sought a default judgment and prove-up hearing against appellant, respondent still would have had to litigate the same damages issue against the Employer Defendants, with whom respondent would have not yet settled. With respect to appellant's second contention, he has not coherently explained why a distinction should be drawn between "prevailing" defendants and "settling" defendants that would render *Schoueweiler* distinguishable, which, absent further explanation from appellant, appears to be directly on point. *See* 101 Nev. at 832, 712 P.2d at 789 ("Because the prevailing defendants . . . are allowed to tax their costs against [the plaintiff] pursuant to NRS 18.020, these costs become costs incurred by [the plaintiff]. Accordingly, we conclude that the costs of the prevailing defendants may be recovered by [the plaintiff] from the losing defendants pursuant to NRS 18.020."); *see Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38. Accordingly, the district court was within its discretion in holding appellant liable for costs that respondent incurred in litigating against the Employer Defendants.

Appellant finally contends that the district court abused its discretion in awarding respondent $7,625 in expert witness fees for Dr.

Raimundo Leon[5] when respondent failed to show "that the circumstances surrounding [his] testimony were of such necessity as to require" a fee exceeding $1,500, as is required by NRS 18.005(5). However, appellant did not raise this argument in district court, so we decline to consider it on appeal. *Old Aztec Mine*, 97 Nev. at 52, 623 P.2d at 983. Although appellant contends that he *did* raise this argument below, the portions of the record upon which he relies contain no citation to NRS 18.005(5) and, more to the point, indicate that *appellant* was amenable to the district court awarding respondent *$5,000* in fees for Dr. Leon, which is wholly inconsistent with any argument based on NRS 18.005(5). Consistent with the foregoing, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                            Herndon

cc:    Hon. Joanna Kishner, District Judge
       Kristine M. Kuzemka, Settlement Judge
       Lewis Roca Rothgerber Christie LLP/Las Vegas
       Shumway Van
       Stephenson & Dickinson, P.C.
       The Schnitzer Law Firm
       Eighth District Court Clerk

---

[5]Although appellant contends that the district court awarded $7,625 in fees for Dr. Leon, the record indicates that the district court awarded $15,200 in fees for Dr. Leon. In any event, this discrepancy has no bearing on our analysis of the issue.